IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2004-D

| | |
|---|---|
| FRANCIS HEMPSTON McFADDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GEORGE SNYDER, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

Francis Hempston McFadden ("McFadden" or "petitioner"), a District of Columbia inmate who is incarcerated at Rivers Correctional Institution ("RCI"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On November 25, 2009, Warden George Snyder ("respondent") filed a motion to dismiss or, in the alternative, motion for summary judgment [D.E. 10].[1] Because respondent attached materials outside the pleadings, the court construes the motion as a motion for summary judgment. On November 30, 2009, the court notified McFadden about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 13]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On December 11, 2009, McFadden responded in opposition to the motion for summary judgment [D.E. 14]. As explained below, the court grants respondent's motion for summary judgment [D.E. 10] and dismisses without prejudice for failure to exhaust administrative remedies McFadden's application for a writ of habeas corpus.

---

[1] RCI is a private correctional facility, which contracts with the Federal Bureau of Prisons ("BOP") to house certain offenders. See Mem. Supp. Respt.'s Mot. Summ. J. ("Mem. Supp.") 1. Warden Snyder is the proper respondent. See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

I.

In considering respondent's motion for summary judgment, the court views the evidence in the light most favorable to petitioner and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 322–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co., 475 U.S. at 587. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 250.

McFadden alleges that the Federal Bureau of Prisons ("BOP") incorrectly calculated his parole revocation sentence by failing to give him credit for "street time" while he was on supervised release. See Pet. 5, 8. According to McFadden, the BOP should have released him in February or March 2009. Id. at 5, 6, 9. Thus, McFadden seeks his immediate release from custody because he has served his sentence. Id. at 6, 9. The BOP disagrees and reports McFadden's actual or projected release date as May 2, 2011. See Fed. Bureau of Prisons Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited June 14, 2010). Moreover, respondent asks the court to dismiss the petition because McFadden failed to exhaust his administrative remedies. Mem. Supp. 2.

2

Although the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), do not apply to a petition under 28 U.S.C. § 2241, a prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam) (collecting cases); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Asare v. U.S. Parole Comm'n, 2 F.3d 540, 544 (4th Cir. 1993).[2] The BOP provides a sequential, administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–542.15. The purpose of exhaustion is to provide an opportunity to resolve the dispute without the burdens of litigation. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761–62 (3d Cir. 1996). In a section 2241 action, exhaustion of administrative remedies is jurisdictional. See, e.g., United States v. Wilson, 503 U.S. 329, 335 (1992); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam).

In support of his contention that McFadden failed to exhaust his administrative remedies, respondent relies on the declaration of Stargel Rowe. See Mem. Supp., Ex. 2, Decl. Stargel Rowe ("Rowe Decl."). The GEO Group, Incorporated has employed Rowe as a Programs Secretary at RCI for over four years. Id. ¶ 1. Rowe's duties include serving as the institution's Administrative Remedy Clerk and Secretary to the Assistant Warden of Programs. Id. ¶ 2. In his position, Rowe has access to the Administrative Remedy Program files and records at RCI, including inmates' administrative remedy requests. Id. ¶ 3.

---

[2]The Fourth Circuit consistently affirms the district courts' dismissals of petitions filed under 28 U.S.C. § 2241 for failure to exhaust administrative remedies. See, e.g., Short v. Hollinsworth, 271 Fed. Appx. 313 (4th Cir. 2008) (per curiam) (unpublished); Carter v. Stansberry, 158 Fed. Appx. 513 (4th Cir. 2005) (per curiam) (unpublished); Watkins v. Compton, 126 Fed. Appx. 621 (4th Cir. 2005) (per curiam) (unpublished).

3

According to Rowe, the Administrative Remedy Program at RCI involves two separate procedures depending on the nature of the complaint. Id. ¶¶ 6–7. The first procedure concerns a prisoner's complaint about RCI policies, procedures, practices, and employees. Prisoners file these complaints on RCI forms and in accordance with RCI procedures. Id. ¶ 6.[3] The second procedure applies to matters directly related to the BOP, including sentence computation, designation and transfer, and prior custody credit. Id. ¶ 7. Prisoners must file their BOP-related complaints on BOP forms and in compliance with the BOP's Administrative Remedy Program, as set forth in BOP Program Statement 1330.16. Id. "Both procedures begin with [the inmate] seeing the Unit Counselor to discuss the issue(s) and/or obtain the appropriate forms." Rowe Decl., Attach. 1 at 2; see Rowe Decl ¶ 8. With regard to McFadden's claim, Rowe cites the RCI Policy and Procedure Manual, which provides: "'ALL administrative remedies concerning sentence computation and sentence issues should be sent directly to' the Bureau of Prisons' Designation and Sentence Computation Center in Grand Prairie, Texas." Rowe Decl. ¶ 9 (quoting Attach. 1 at 6) (emphasis in original).

Rowe reviewed RCI's Administrative Remedy Program files concerning any administrative remedies filed by McFadden. Rowe Decl. ¶ 10. McFadden has been incarcerated at RCI since June 25, 2008, and he was previously imprisoned at the facility from June 9, 2005, through August 4, 2005. Id. ¶ 11. Based on his review of the official records, Rowe states that "McFadden did not file any administrative remedy requests through RCI's Administrative Remedy Program in 2005, 2008, or 2009." Id. ¶ 12.

---

[3]Respondent attached the applicable RCI Administrative Remedy Procedure, Policy Number 12.006. See Rowe Decl., Attach. 1.

4

In addition to Rowe, respondent relies on the declaration of John A. Farrar in support of his motion for summary judgment. See Mem. Supp., Ex. 1, John Farrar Decl. ("Farrar Decl."). Farrar has been employed by the United States Justice Department, Federal Bureau of Prisons, since July 1989. Id. ¶ 1. Moreover, Farrar has served as a Policy and Correspondence Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas since March 2006, although he began working in inmate sentence computation in April 1990. Id. Through his duties with the BOP, Farrar has access to inmates' records, Judgment and Commitment Orders, sentence computation letters, electronic data maintained on the BOP's SENTRY computer system, and BOP Program Statements. Id. ¶ 3.

According to Farrar, McFadden has been incarcerated at the following BOP institutions since the commencement of his current parole violation term: United States Penitentiary in Lewisburg, Pennsylvania (October 2006); the Federal Correctional Institution - Schuylkill in Minersville, Pennsylvania (October 2006–May 2008); and the Federal Transfer Center in Oklahoma City, Oklahoma (May 2008–June 2008). Id. ¶ 26; see id. Attach. 7 at 1. Since June 25, 2008, McFadden has been designated to and incarcerated at RCI. Id. ¶ 26.

Farrar asserts that he reviewed the BOP's SENTRY computer system "to determine if [] McFadden has filed any administrative remedies with the Bureau of Prisons regarding his sentence computation." Id. ¶ 27. Farrar states that "McFadden has not filed *any* administrative remedies with the Bureau of Prisons." Id. (emphasis added); see id. Attach. 19 (Administrative Remedy Generalized Retrieval, EQ: 30174-083).

McFadden's response to the motion for summary judgment primarily addresses the merits of his claim, and he fails to address the exhaustion issue directly. See Petr.'s Resp. Opp'n Mot. Summ. J. ("Resp. Opp'n") 1–10. In general, McFadden asks the court to "excuse any mistake,"

5

because he is "not versed in law." Resp. Opp'n 4.

Failure to exhaust may be excused upon a showing of cause and prejudice, see McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (unpublished) (per curiam) (citing Carmona, 243 F.3d at 634–35), or a showing of futility. Cf. United States v. Harris, 11 Fed. Appx 108, 109 n.1 (4th Cir. 2001) (per curiam) (unpublished). McFadden has failed to demonstrate that he exhausted his administrative remedies or that exhaustion should be excused. Thus, the court lacks jurisdiction to consider McFadden's application for a writ of habeas corpus. Accordingly, the court grants respondent's motion for summary judgment on the exhaustion issue and dismisses without prejudice McFadden's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

II.

For the reasons stated, the court GRANTS respondent's motion for summary judgment on McFadden's failure to exhaust administrative remedies [D.E. 10] and DISMISSES without prejudice McFadden's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 14 day of June 2010.

JAMES C. DEVER III
United States District Judge

6

Case 5:09-hc-02004-D   Document 15   Filed 06/14/10   Page 6 of 6